IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

DVA RENAL HEALTH INC., et al.    )
                                     )
v.                                ) NO. 3:05-1048
                                   ) JUDGE CAMPBELL
GORDON GROUP INVESTMENT    )
LIMITED PARTNERSHIP, et al.    )

MEMORANDUM

Pending before the Court are Defendants' Motion for Summary Judgment (Docket No. 79) and Plaintiffs' Motion for Summary Judgment (Docket No. 81). For the reasons stated herein, Defendants' Motion for Summary Judgment is GRANTED in part and DENIED in part, and Plaintiffs' Motion for Summary Judgment is GRANTED in part and DENIED in part.

FACTS

The parties have submitted Joint Statements of Undisputed Facts (Docket Nos. 77 and 78) upon which their summary judgment motions[1] are based. The Court adopts the parties' Joint Statement of Undisputed Facts as its Findings of Fact, which are incorporated throughout this opinion where appropriate.

---

[1] The Sixth Circuit Court of Appeals has held that summary judgment procedures are inapposite to ERISA actions to recover benefits. Wilkins v. Baptist Healthcare System, Inc., 150 F.3d 609, 619 (6th Cir. 1998). Instead, the Court should conduct its review based solely upon the administrative record and render findings of fact and conclusions of law accordingly. Id. In this case, the "administrative record," upon agreement of the parties and the Court, is the Joint Statements of Undisputed Facts submitted by the parties, and the Court will render judgment, not summary judgment, on the issues presented.

1

This action is brought pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001, *et seq.*  The parties disagree as to what standard of review should apply.  For ERISA cases in which the plan administrator is given no discretionary authority by the plan, review of the plan administrator's decision is *de novo*.  Wilkins v. Baptist Healthcare System, Inc., 150 F.3d 609, 616 (6th Cir. 1998).  When a benefits plan gives the plan administrator discretionary authority to determine eligibility for benefits or to construe the terms of the plan, the "arbitrary and capricious" standard of review is appropriate.  Id., n. 4.

Plaintiffs submit that because the Plan at issue grants no discretion to a plan fiduciary as to whether to continue coverage required by COBRA, Defendants' denial of Plaintiff Bonner's right to continued coverage under COBRA should be reviewed under a *de novo* standard.  Docket No. 82, n. 13.  Defendants, on the other hand, argue that the Plan at issue grants the Plan Administrator discretionary authority to interpret the plan and determine benefits, and therefore, any decision to deny benefits must be reviewed under the arbitrary and capricious standard of review.  Docket No. 80, p. 10.

The Plan provides: "The Plan Administrator shall have the authority to administer the Plan by its provisions and to decide all questions arising thereunder."  Docket No. 77, Ex. 3, Part 2, p. 4 of 30.  The Court finds that the Plan gives discretionary authority to the Plan Administrator for all questions arising under the Plan, including COBRA coverage.  Consequently, the Court will review the decision to deny benefits under an arbitrary and capricious standard.

Although this standard is deferential, it is not a rubber stamp for the administrator's determination.  Elliot v. Metropolitan Life ins. Co., 473 F.3d 613, 617 (6th Cir. 2006).  Under this

2

standard, the Court should uphold the administrator's decision if it is the result of a deliberate, principled reasoning process and if it is supported by substantial evidence.  Id.

Because the Plan is self-funded (that is, all benefits under the Plan are paid from the general assets of the employers (Docket No. 77, ¶ 2)), the administrator is operating under a conflict of interest which must be considered as a factor in reviewing the decision to deny benefits under the arbitrary and capricious standard. Firestone Tire & Rubber Co. v. Bruch, 109 S.Ct. 948, 957 (1989); Elliot, 473 F.3d at 621; Marchetti v. Sun Life Ass. Co. of Canada, 30 F.Supp.2d 1001, 1007 (M.D. Tenn. 1998).

## DENIAL OF BENEFITS

Plaintiff Bonner was diagnosed with end stage renal disease and had to leave her employment with Defendant Professional Home Health Care, Inc.  After she left that employment, Plaintiff Bonner elected COBRA coverage under her former employer's health benefit plan, the CareAll Management, Inc. Employee Benefit Plan ("the Plan"), and her premiums were paid for July through October, 2004, by the American Kidney Foundation ("AKF").[2] Docket No. 77, ¶¶ 1, 11 and 18.  On her COBRA notice and election forms, Plaintiff Bonner made change of address notations, noting a recent move.  Id., ¶ 9.

In mid-October, 2004, Defendants terminated Plaintiff Bonner's coverage and sent her a letter, which she never received, notifying her of that termination. Id., ¶ 20.[3]  Plaintiff Bonner became aware of the termination when notice thereof was faxed to Plaintiff DVA Renal Health, Inc.

---

[2]    The American Kidney Foundation is a non-profit organization that provides grants to kidney patients to enable them to maintain their health insurance coverage.  Docket No. 77, ¶ 15.

[3]    Defendants mistakenly believed that coverage terminated because Plaintiff Bonner had become covered under Medicare.  Docket No. 77, ¶ 20.

Case 3:05-cv-01048   Document 92   Filed 07/31/07   Page 3 of 8 PageID #: 794

("DVA"), the company which provides Plaintiff Bonner with dialysis treatment, on October 28, 2004. Id., ¶¶ 5 and 20.

Unbeknownst to Plaintiffs, Defendants subsequently made the decision to reinstate Plaintiff Bonner's coverage because the termination had been a mistake. Docket No. 77, ¶¶ 21-22. On November 2, 2004, Defendants sent a letter to Plaintiff Bonner, notifying her of the reinstatement. Id., ¶ 22. Plaintiff Bonner never received that letter; indeed, it was returned to Defendant North American Administrators, L.P. ("NAA"), third party administrative manager for the Plan, on November 30, 2004. Id., ¶¶ 3, 22-23. On December 2, 2004, Defendants re-sent the letter to Plaintiff Bonner, and again, Plaintiff Bonner never received it. Id., ¶ 23.

Also on December 2, 2004, Plaintiff Bonner's attorney, Brenda Berg, spoke with a representative of NAA, who informed Ms. Berg that Plaintiff Bonner's coverage had been reinstated. Docket No. 77, ¶ 25. On December 13, 2004, Ms. Berg received a copy of a letter sent to Plaintiff Bonner on December 6, 2004, which again Plaintiff Bonner never received, requesting COBRA premium payment for the month of November within 10 days of the date of the letter. Id., ¶¶ 29-30. Thereafter, Plaintiff DVA contacted the AKF concerning payment of Plaintiff's premiums. Id., ¶ 31. On December 30, 2004, the AKF paid premiums for Plaintiff Bonner's coverage for November, December and January. Id., ¶ 35. Defendants, however, terminated Plaintiff's coverage on December 20, 2004, for failure to make timely payment of the November premium. Id., ¶ 33. Plaintiff Bonner did not receive the written notice sent by Defendants of this second termination. Id.

The Court finds that Plaintiff Bonner reasonably believed, from October 28, 2004, until December 2, 2004, at the earliest, or December 13, 2004, at the latest, that her COBRA coverage

4

with Defendants had been terminated. Once she had actual notice that coverage was reinstated, either through her attorney's telephone conversation with NAA on December 2, 2004, or through her attorney's receipt of a letter on December 13, 2004, Plaintiff Bonner paid her November through January premiums within thirty days.

Defendants argue that Plaintiff's November premium was due on November 1, 2004, with the thirty-day grace period[4] ending on November 30, 2004. They maintain that the December 16, 2004 deadline (ten days after the December 6, 2004 letter) was a gratuitous extension of the grace period, not a new due date. At the time the November 1st and November 30th deadlines passed, however, Plaintiff Bonner had no reason to make her premium payment because she reasonably believed her COBRA coverage, rightly or wrongly, had been terminated. Her new "due date" could not have been prior to her actual knowledge that coverage had been reinstated, at the earliest on December 2, 2004.

The Court finds that it was arbitrary and capricious for Defendants to terminate Plaintiff Bonner's COBRA coverage on December 20, 2004, and not to accept the premium payments tendered on December 30, 2004. Accordingly, Plaintiffs are entitled to receive full payment of COBRA benefits for Plaintiff Bonner for the entire COBRA period of coverage. Plaintiffs' Motion for Summary Judgment on this issue is GRANTED, and Defendants' Motion for Summary Judgment on this issue is DENIED.

---

[4]     ERISA provides that the payment of any premium shall be considered timely if made within thirty days after the date due or within such longer period as applies to or under the plan. 29 U.S.C. § 1162(2)(C).

Case 3:05-cv-01048   Document 92   Filed 07/31/07   Page 5 of 8 PageID #: 796

## BREACH OF FIDUCIARY DUTIES

Plaintiffs argue that Defendants NAA and CareAll breached their fiduciary duties to Plaintiff Bonner by failing to provide her with correct and timely information regarding her COBRA coverage and by repeatedly and improperly terminating such coverage.

Defendants contend, on the other hand, that Plaintiffs are not entitled to equitable relief for an alleged breach of fiduciary duty because they have an adequate remedy at law. Defendants also argue that NAA is not a fiduciary in this case and that, in any event, no Defendant breached any fiduciary duty.

Plaintiffs admit that an award of benefits in this case renders the fiduciary duty claim moot (Docket No. 84, p. 18). This Court agrees. Alternatively, the Court finds that Plaintiffs have not shown a breach of fiduciary duty.

To establish a claim for breach of fiduciary duty based on alleged misrepresentations concerning coverage, Plaintiffs must show: (1) that Defendants were acting in a fiduciary capacity when they made the challenged representations; (2) that these constituted material misrepresentations; and (3) that Plaintiffs relied on those misrepresentations to their detriment. Moore v. Lafayette Life Ins. Co., 458 F.3d 416, 433 (6th Cir. 2006). A misrepresentation is material if it would mislead a reasonable employee in making an adequately informed decision. Id.

The Court finds that the communications from NAA to Plaintiff Bonner, most of which were never actually received by Plaintiff Bonner, were not "materially misleading." And, especially because she did not receive most of them, Plaintiff did not "reasonably rely" upon the alleged misleading communications. Defendants' conduct does not, in the opinion of the Court, rise to the level of breach of a fiduciary duty.

6

Accordingly, Plaintiffs' Motion for Summary Judgment on this issue is DENIED, and Defendants' Motion for Summary Judgment on this issue is GRANTED.

STATUTORY PENALTIES

Plaintiffs allege that Plaintiff Bonner is entitled to statutory penalties under ERISA because Defendants gave her inadequate notice concerning the reinstatement of her benefits in November 2004. Defendants contend that there was no "qualifying event" in November of 2004 which required such notice.

Federal law requires a group health plan to provide, at the time of commencement of coverage under the plan, written notice to each covered employee and spouse of the employee of the rights provided under the law. 29 U.S.C. § 1166(a)(1). In addition, the administrator of an ERISA benefit plan must notify any qualified beneficiary of her rights in the case of a "qualifying event." 29 U.S.C. § 1166(a)(4). Failure to provide such notices may result in a penalty of up to $100 a day from the date of such failure or refusal. 29 U.S.C. § 1132(c)(1). The statute expressly grants the Court discretion in imposing such penalties. Id.; Bartling v. Fruehauf Corp., 29 F.3d 1062, 1068 (6th Cir. 1994).

Under the circumstances of this case, the Court, in its discretion, declines to impose statutory penalties. Defendants' conduct was unprofessional and, in many instances, mistaken; but it does not appear to have been driven by malice or ill will. Therefore, Plaintiffs' Motion for Summary Judgment on this issue is DENIED, and Defendants' Motion for Summary Judgment on this issue is GRANTED.

7

CONCLUSION

For the above reasons, Defendants' Motion for Summary Judgment (Docket No. 79) is GRANTED in part and DENIED in part, and Plaintiffs' Motion for Summary Judgment (Docket No. 81) is GRANTED in part and DENIED in part.

Plaintiffs are entitled to judgment on the issue of denial of benefits and to receive full payment of COBRA benefits for Plaintiff Bonner for the entire COBRA period. Defendants are entitled to judgment on the issues of breach of fiduciary duties and statutory penalties.

IT IS SO ORDERED.


TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

8