IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

DVA RENAL HEALTH INC., et al.  )
                                )
v.                              ) NO. 3:05-1048
                                ) JUDGE CAMPBELL
GORDON GROUP INVESTMENT         )
LIMITED PARTNERSHIP, et al.     )

MEMORANDUM

Pending before the Court is Plaintiffs' Motion for Attorney's Fees (Docket No. 99). Defendants oppose Plaintiffs' Motion (Docket No. 106). For the reasons stated herein, Plaintiffs' Motion is DENIED.

Plaintiffs brought this action against Defendants for Defendants' denial of COBRA benefits to Plaintiff Bonner. The case is governed by the Employment Retirement Income Security Act ("ERISA"). This Court found that Plaintiffs are entitled to receive full payment of COBRA benefits for Plaintiff Bonner for the entire COBRA period of coverage. Docket No. 92.

Plaintiffs now seek attorney's fees pursuant to 29 U.S.C. § 1132(g)(1), which provides that in an ERISA action by a plan participant, beneficiary or fiduciary, the trial court, at its discretion, may award a reasonable attorney's fee to either party. The Sixth Circuit Court of Appeals has held that in exercising its discretion, the trial court should consider the following factors: (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorney's fees; (3) the deterrent effect of an award on other persons under similar circumstances; (4) whether the party requesting fees sought to confer a common benefit on all participants or

1

beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA: and (5) the relative merits of the parties' positions. Secretary of Dep't of Labor v. King, 775 F.2d 666, 669 (6th Cir. 1985); Moon v. Unum Provident Corp., 461 F.3d 639, 642 (6th Cir. 2006).

Title 29 U.S.C. § 1132(g) confers broad discretion on a district court in making the award of attorney's fees. King, 775 F.2d at 669. There is no presumption that attorney's fees will be awarded. Moon, 461 F.3d at 643. These factors represent a flexible approach; none of them is necessarily dispositive. Foltice v. Guardsman Products, Inc., 98 F.3d 933, 937 (6th Cir. 1996).

Although the Court found Defendants to be "culpable" in this case; that is, responsible for arbitrarily and capriciously denying Plaintiff's COBRA benefits, it is the *degree* of culpability or bad faith which the Court must consider on this Motion for Attorney's Fees.

In this case, the Court finds that Defendants' actions were not taken in bad faith. In addition, the Court finds that the degree of Defendants' culpability is not high. This is not a case where a defendant ignored well-established law or ignored the terms of an ERISA plan. The Court, in its discretion, finds that this factor weighs, at most, equally for the Plaintiffs and Defendants.

The opposing party's ability to satisfy an award of attorney's fees is not contested in this case and, therefore, weighs in favor of the Plaintiffs.

The deterrent effect of an award on other persons under similar circumstances factor also weighs in favor of the Defendants or, at most, equally between the two sides. This case did not involve interpretation of a plan provision or an issue of law which applied to other participants, employers or plan administrators. There has been no evidence that the conduct of Defendants toward Plaintiff Bonner was common to others. In other words, this Court's ruling is limited to the facts of this case, and as such, is not likely to be a deterrent to others. This factor is likely to have

2

more significance in a case where the defendant is highly culpable than in a case such as this one. Fee awards are likely to have the greatest deterrent effect where deliberate misconduct is involved. Foltice, 98 F.3d at 937.

For the same reasons, the factor concerning whether Plaintiffs sought to confer a common benefit on all participants and beneficiaries of the plan or resolve significant legal questions regarding ERISA weighs in favor of the Defendants. There is no evidence that Plaintiffs sought to confer a benefit upon anyone other than themselves or to resolve any significant legal question regarding ERISA. The merits of the case do not turn on the resolution of any difficult ERISA question, and there is no evidence that other beneficiaries of the plan at issue stood to gain anything from this lawsuit. See Foltice, 98 F.3d at 937.

Finally, the relative merits of the parties' positions, although weighing in favor of the Plaintiffs for the reasons stated in the Court's prior ruling, are not so disparate as to require an award of attorney's fees in this case.

For all these reasons, Plaintiffs' Motion for Attorney's Fees (Docket No. 99) is DENIED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE